NO. 07-11-0297-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 13, 2011

_____

CIRILO DIAZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17995-0904; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

In 2009, Appellant Cirilo Diaz, Jr., was convicted of burglary of a habitation[1] and sentenced to five years confinement and assessed a $750 fine. Punishment was suspended in favor of five years community supervision. At a hearing on the State's

---
[1]Tex. Penal Code Ann. § 30.02 (West 2011).

motion to revoke, Appellant entered a plea of true to the State's allegations and the trial court found he had violated the terms and conditions of community supervision and revoked his community supervision. The trial court assessed the original sentence. Appellant perfected this appeal.

By letter dated September 6, 2011, this Court granted the Hale County District Clerk an extension of time in which to file the clerk's record on the ground that Appellant had neither paid for nor made arrangements to pay for the record. By that same letter, counsel was directed to certify whether he had complied with Rule 35.3(a)(2) regarding the clerk's record. In response, counsel filed two motions: (1) Motion to Withdraw and (2) Motion to Extend Deadline to File Clerk's Record.

By the Motion to Withdraw, which does not comply with Rule 6.5 of the Texas Rules of Appellate Procedure, counsel represents he was retained by Appellant for the purpose of filing a motion for new trial.[2] Appellant's family indicated it would hire an appellate attorney to pursue an appeal and later advised counsel they were financially unable to do so. After the motion for new trial was overruled, counsel filed the notice of appeal to protect Appellant and awaited instructions from Appellant. Appellant did not retain new counsel on appeal and did not pay for the clerk's record.[3] According to

---

[2]Without a clerk's record, we cannot speculate whether Appellant proceeded without payment of costs during trial.

[3]The expense for the reporter's record, which was filed on September 8, 2011, was incurred by counsel.

counsel, Appellant contacted him and expressed a desire not to pursue this appeal but did not respond to further contact from counsel.

By the motion to extend the deadline in which to file the clerk's record,[4] counsel recites basically the same facts as in his motion to withdraw. In the interest of judicial economy, we abate this appeal and remand the cause to the trial court for further proceedings.

Upon remand, the trial court shall utilize whatever means necessary to determine whether counsel's motion to withdraw is well taken. Should the motion to withdraw be granted, then the trial court shall determine the following:

1. whether Appellant desires to prosecute this appeal;

2. whether Appellant is indigent and entitled to appointed counsel; and

3. whether Appellant is entitled to a free appellate record.

Should it be determined that Appellant does want to continue the appeal and the trial court determines he is entitled to appointed counsel, the name, address, telephone number, and state bar number of appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary orders to be included in the clerk's record to be filed with the Clerk of this Court on or before November 14, 2011. The motion for extension of time in which to file the clerk's record filed by counsel is

---

[4]A motion for extension of time in which to file the appellate record is customarily filed by the trial court clerk or court reporter, not by counsel.

rendered moot. Appellate deadlines are suspended and, should Appellant wish to pursue this appeal and the trial court finds he is indigent and entitled to appointment of counsel, the clerk's record will be due thirty days after appointment of counsel.

It is so ordered.

Per Curiam

Do not publish.